Thomas L. **APPLE**, Plaintiff–Appellant,

v.

John **GLENN**, U.S. Senator, et al., Defendants–Appellees.

No. 98–3726.

United States Court of Appeals, Sixth Circuit.

Submitted: June 8, 1999.

Decided and Filed: July 7, 1999.

Thomas L. Apple (briefed), West Lafayette, Ohio, for Plaintiff–Appellant.

O. Charles Hosterman, Office of the U.S. Attorney, Columbus, Ohio, for Defendant–Appellee.

Before: KEITH, KENNEDY, and GILMAN, Circuit Judges.

## OPINION

PER CURIAM.

Thomas L. Apple, a resident of Ohio proceeding pro se, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. The case was referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, we unanimously agree that oral argument is not needed. *See* Fed. R.App. P. 34(a).

On April 29, 1998, Apple sued Senator John Glenn, Chief Justice William Rehnquist, and other top government officials, claiming that the defendants violated his First Amendment right to petition the

government because they did not answer his many letters or take the action requested in those letters. On May 19, 1998, the district court dismissed the complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This section of the Prison Litigation Reform Act specifically deals with proceedings brought *in forma pauperis* ("IFP"). Apple, however, is neither a prisoner nor proceeding IFP. The defendants did not file an answer, the district court did not notify Apple that the suit would be dismissed sua sponte, and the court did not allow Apple an opportunity to amend his complaint before dismissal.

Based upon this court's recent decision in *Benson v. O'Brian,* 179 F.3d 1014 (6th Cir.1999), we conclude that the district court erred in dismissing Apple's complaint under § 1915(e)(2). Benson held that § 1915(e)(2) applies only to litigants who are proceeding IFP. *See id.* at 1014.

■■ Although the district court erred in dismissing Apple's complaint under § 1915(e)(2), a remand is not necessary given the total implausibility of Apple's claims. Generally, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint. *See id.* at 10143 (approving the policy that "a plaintiff generally should be given notice and an opportunity to respond prior to the district court's sua sponte dismissal of the complaint") (citing *Tingler v. Marshall,* 716 F.2d 1109, 1111–12 (6th Cir.1983), and *Ricketts v. Midwest Nat'l Bank,* 874 F.2d 1177, 1184 (7th Cir.1989)). But *cf. McGore v. Wrigglesworth,* 114 F.3d 601, 612 (6th Cir.1997) ("Under the Prison Litigation Act, courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal. If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should *sua sponte* dismiss the complaint.").

■ Nevertheless, a district court may, at any time, *sua sponte* dismiss a com-

plaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion. *See Hagans v. Lavine,* 415 U.S. 528, 536–37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous, attenuated, or unsubstantial claims divest the district court of jurisdiction, but ultimately finding the plaintiffs' claims raised under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3) formally alleged a deprivation of constitutional rights and thus were not unsubstantial or wholly frivolous); *In re Bendectin Litig.,* 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims, but then allowing an arguably plausible claim to proceed). *Tingler's* requirement that a plaintiff be given the opportunity to amend does not apply to *sua sponte* dismissals for lack of jurisdiction pursuant to *Hagans. See Tingler,* 716 F.2d at 1111.

■ Apple's claims are not arguably plausible. The First Amendment guarantees "the right of the people ... to petition the Government for a redress of grievances." U.S. Const. amend. I. "The right to petition is cut from the same cloth as the other guarantees of that Amendment, and is an assurance of a particular freedom of expression." *McDonald v. Smith,* 472 U.S. 479, 482, 105 S.Ct. 2787, 86 L.Ed.2d 384 (1985). The First Amendment protects Apple's right to petition, but his suit is founded completely on a mistaken reading of that Amendment. A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views.

■ We may affirm a district court's judgment for reasons other than those stated by the lower court. *See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum*

*Co.,* 772 F.2d 214, 216 (6th Cir.1985) (per curiam). Although Apple is unquestionably inspired by strong political beliefs and sincere love of country, his claims lack the legal plausibility necessary to invoke federal subject matter jurisdiction. *See Dilworth v. Dallas County Community College Dist.,* 81 F.3d 616, 617 (5th Cir.1996) (ruling that a college student's civil rights action against his college and his English professor after his "A" in English was reduced to a "B" because he was tardy for six classes and counted as absent was frivolous, insubstantial, and insufficient to invoke federal question jurisdiction).

We reach this conclusion because of the utter implausibility of Apple's complaint. In cases such as this, where § 1915(e)(2) does not apply, most complaints will not be so clearly insufficient as to warrant dismissal under Rule 12(b)(1), but instead should be handled under Rule 12(b)(6) of the Federal Rules of Civil Procedure if the complaint fails to state a claim upon which relief can be granted. When a district court is faced with a complaint that appears to be frivolous or unsubstantial in nature, dismissal under Rule 12(b)(1) (as opposed to Rule 12(b)(6)) is appropriate in only the rarest of circumstances where, as in the present case, the complaint is deemed totally implausible. Otherwise, a district court must afford the plaintiff the procedural protections of *Tingler* before dismissing the complaint. (*Tingler*'s protections, of course, remain inapplicable to cases brought by IFP plaintiffs that are dismissed pursuant to § 1915(e)(2)).

For all of the reasons stated above, we **AFFIRM** the district court's dismissal on the ground that the district court lacked subject matter jurisdiction to entertain Apple's complaint.