**Jerry D. HALL; Dean B. Hall, Plaintiffs–Appellants,**

**Cora A. Hall, Plaintiff,**

**v.**

**Clarence B. CREECH, et al., Defendants–Appellees.**

**No. 00–6451.**

United States Court of Appeals, Sixth Circuit.

Aug. 15, 2001.

Before MOORE and COLE, Circuit Judges; ROSEN, District Judge.*

*ORDER*

Jerry D. Hall and Dean B. Hall appeal pro se from the district court's dismissal of a case that they had filed under 28 U.S.C. § 1332(a), 42 U.S.C. § 1983, and *Bivens v. Six Unknown Named Agents of Fed. Bu-*

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

*reau of Narcotics,* 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Their appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

The Halls primarily alleged that the defendants had mishandled the administration of the estate of their mother, Ruth Hall Creech, who died in 1993. On September 20, 2000, the district court dismissed the case *sua sponte* for lack of subject matter jurisdiction. *See* Fed. R.Civ.P. 12(b)(1). It is from this judgment that the Halls now appeal.

A *de novo* review of the record indicates that the Halls' case was properly dismissed because their claims did not provide an adequate basis for the district court's jurisdiction. *See Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir.1999), *cert. denied,* 528 U.S. 1198, 120 S.Ct. 1263, 146 L.Ed.2d 118 (2000).

■ The Halls did not raise a viable *Bivens* claim because they did not allege that any of the defendants were federal agents or employees who had acted under color of federal law. *See Wagner v. Metropolitan Nashville Airport Auth.,* 772 F.2d 227, 230 (6th Cir.1985). Two of the defendants were state actors within the meaning of 42 U.S.C. § 1983, but these defendants were protected by absolute judicial immunity. *See Mann v. Conlin,* 22 F.3d 100, 103–05 (6th Cir.1994). A cognizable § 1983 claim was not raised with regard to the remaining defendants, as they were not acting under color of state law. *See Lansing v. City of Memphis,* 202 F.3d 821, 834 (6th Cir.2000). Indeed, the Halls now assert that these defendants were sued solely on the basis of diversity jurisdiction.

■ The Halls have held themselves out to be the co-executors and representatives of the Creech estate. As such, they are each "deemed to be a citizen only of the same State as the decedent," pursuant to 28 U.S.C. § 1332(c)(2). Ms. Creech was a citizen of Kentucky, as were all of the defendants. Consequently, the district court lacked diversity jurisdiction under § 1332 because there was not complete diversity of citizenship between all of the plaintiffs and all of the defendants. *See Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 267–68, 2 L.Ed. 435 (1806).

■ We also note that all of the Halls' claims were precluded by the *Rooker– Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Hence, dismissal was appropriate because their claims were inextricably linked with various state-court judgments regarding the Creech estate. *See Patmon v. Michigan Supreme Court,* 224 F.3d 504, 509–10 (6th Cir.2000).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.