**Richard E. MADKINS, Plaintiff–Appellant,**

v.

**CITY OF MEMPHIS; W.W. Herenton, Mayor; Shelby County, Tennessee; Fred Wander, Chief; John Knox, Attorney General; Elizabeth Ryan, As-**sistant; Charles Burson, Attorney General; Sarah Branch, Assistant General; John Pierotti, Attorney General; Terry Harris, Assistant General; Lee Coffee; Jerry King; Det. H.U. Adair; H.W. Hightower; Det. D.E. Wood; Lt. Phillips; Det. J.A. Smith; B.H. Garrett; Lt. Det. Havery; Det. Chester Phillips; W.S. Wingate; A. Hunt, Officer, MPD; D. Lewis; N.V. Webb; K. Hudson; T. Lebrogne; B. Cunningham; J. Holmes; Tommy Smith; John N. Ford; John Doe; Ann Pugh, Judge; Fred Axley; Hall, Assistant Attorney General; H.W. Robinson; Kathleen Mitchell; Mary Elam Walker; Kelly Smith; Valerie Matthew; Larry Pittman; the Commerical Appeal; Rob Johnson; Mike Maple, Defendants–Appellees.

No. 00–6110.

United States Court of Appeals, Sixth Circuit.

Sept. 18, 2001.

**336**

Before DAUGHTREY and GILMAN, Circuit Judges; COHN, District Judge .*

Richard Earl Madkins, a Tennessee prisoner proceeding pro se, appeals the district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Madkins filed a 246–page fee-paid complaint against forty-eight defendants, including judges, a court clerk, prosecutors, a grand jury foreman, police officers, the Memphis Police Department, the Mayor and City of Memphis, a public defender, newspaper publishers, and private citizens. A jury convicted Madkins of robbery and attempted felony murder. The Tennessee Supreme Court affirmed the robbery conviction but set aside the attempted felony murder conviction and remanded the case to the trial court. In his district court complaint, Madkins alleged that governmental officials improperly prosecuted him, that private individ-

uals testified against him and wrote newspaper articles about him, and that he is confined as the result of a conspiracy to convict him. The district court dismissed the complaint sua sponte, concluding that the court lacked jurisdiction under Fed.R.Civ.P. 12(b)(1) because Madkins's claims were frivolous, attenuated, or unsubstantial. *See Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir.1999), *cert. denied,* 528 U.S. 1198, 120 S.Ct. 1263, 146 L.Ed.2d 118 (2000). The court held, *inter alia,* that Madkins's claims were barred by *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

In his timely appeal, Madkins argues that *Heck* does not bar his claims because his conviction for attempted felony murder was overturned.

■ Initially, we note that Madkins only challenges the district court's reliance on *Heck* and does not offer any argument as to why the district court's other grounds for dismissal are wrong. The failure to present an argument in an appellate brief waives appellate review. *See Kocsis v. Multi–Care Mgmt., Inc.,* 97 F.3d 876, 881 (6th Cir.1996). Accordingly, he has waived review of the district court's other rulings.

This court reviews de novo a district court's decision to dismiss for lack of jurisdiction under Fed.R.Civ.P. 12(b)(1). *Duncan v. Rolm Mil–Spec Computers,* 917 F.2d 261, 263 (6th Cir.1990). Where a complaint is "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" the district court may dismiss it sua sponte for lack of subject matter jurisdiction. *Apple,* 183 F.3d at 479.

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

Upon review, we conclude that the district court properly dismissed Madkins's complaint because his claims are barred by *Heck.* A state prisoner does not state a cognizable claim under § 1983 if a ruling on his claim would necessarily imply the invalidity of his conviction and confinement, until the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. *Heck,* 512 U .S. at 486–87, 114 S.Ct. 2364. A claim challenging confinement must be dismissed regardless of whether the plaintiff seeks injunctive or monetary relief. *See id.* at 489–90, 114 S.Ct. 2364; *Preiser v. Rodriguez,* 411 U.S. 475, 488–90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Madkins's claims that he was entirely innocent and that the defendants conspired to convict him would necessarily imply the invalidity of his conviction and confinement for robbery. Although the other charge against Madkins was reversed on appeal, the reversal had nothing to do with Madkins's allegations that witnesses perjured themselves about the color of his clothing. Madkins's conviction for robbery still stands, so his § 1983 complaint is barred by *Heck.*

Madkins's complaint lacked an arguable basis in law and was legally frivolous. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Apple,* 183 F.3d at 479. For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.