**Jerry D. HALL; Cora A. Hall; Dean B. Hall, Plaintiffs–Appellants,**

v.

**Danny P. CAUDILL, Individually and in his official capacity as Special Judge in the Boyd Circuit Court of Boyd County, Kentucky, Defendant–Appellee.**

No. 01–5664.

United States Court of Appeals, Sixth Circuit.

Dec. 10, 2001.

Before MOORE and COLE, Circuit Judges; O'MEARA, District Judge.*

### ORDER

Jerry D. Hall, Cora A. Hall, and Dean B. Hall (collectively "the Halls"), Kentucky residents, appeal pro se from the district court's dismissal of a case that they filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The factual background is adequately set forth in the district court's memorandum opinion and order filed April 24, 2001, and will not be repeated herein. Suffice it to say that the Halls alleged that their First, Fifth, Seventh, and Fourteenth Amendment rights under the United States Constitution were violated by actions taken by Special Boyd County Circuit Court Judge Danny P. Caudill during his adjudication of Boyd Circuit Court Case No. 99–CI–00605. More specifically, the Halls alleged that Judge Caudill's actions during a December 8, 2000 court hearing constituted violations of the Hall's aforementioned constitutional rights. Additionally, the Halls complained that their constitutional rights were violated because Judge Caudill issued an order in the above-referenced Boyd County Circuit Court action dismissing said action, which order was adverse to their interests. The Halls sued Judge Caudill in both his individual and official capacities. They sought injunctive relief to, in essence, compel the defendant to retract his dismissal of the previously-referenced Boyd County Circuit Court action to rule in their favor. Additionally, the Halls sought an advisory opinion from the district court to determine which court has jurisdiction to settle an estate which is involved in a bankruptcy proceeding. Finally, the Halls sought such other relief as the court deemed just and proper and to award the Halls their cost of litigation. The district court dismissed the case *sua sponte* for lack of subject matter jurisdiction. It is from this order that the Halls now appeal.

This court reviews *de novo* dismissals for lack of jurisdiction. *See Greater Detroit Res. Recovery Auth. v. United States EPA,* 916 F.2d 317, 319 (6th Cir.1990). A *de novo* review of the record indicates that the Halls' case was properly dismissed because their claims do not provide an adequate basis for the district court's jurisdiction. *See Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir.1999), *cert. denied,* 528 U.S. 1198, 120 S.Ct. 1263, 146 L.Ed.2d 118 (2000). The Halls' claims are precluded by the *Rooker–Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Under this doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court as only the United States Supreme Court has jurisdiction to correct state court judgments. *See Feldman,* 460 U.S. at 482 & n. 16, 103 S.Ct. 1303; *Rooker,* 263 U.S. at 415–16, 44 S.Ct. 149. A fair reading of the

---

* The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

complaint reveals that the Halls' federal case is essentially an appeal of the state court judgment as it merely raises specific issues regarding decisions of the judges sitting in the probate action wherein the Halls are the recipient of adverse rulings. Thus, the district court lacked jurisdiction over any challenge the Halls are making to the legal proceedings held in the Boyd County Circuit Court.

Finally, the district court properly dismissed the case to the extent the Halls sought an advisory opinion. The United States Constitution, Article III, prohibits any such opinion from issuing.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.