**Anthony D. HAYES, Plaintiff–Appellant,**

v.

**CITY OF MEMPHIS, Defendant–Appellee.**

No. 00–6271.

United States Court of Appeals, Sixth Circuit.

Dec. 18, 2001.

Before MARTIN, Chief Judge; BATCHELDER, Circuit Judge; and SARGUS, District Judge.*

PER CURIAM.

## I.

Anthony D. Hayes appeals the district court's *sua sponte* dismissal of his *pro se* complaint against the defendant City of Memphis for lack of subject matter juris-

* The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District

diction. For the foregoing reasons, we REVERSE and REMAND for further proceedings consistent with this decision.

## II.

Hayes, a former City police officer, sued the City in 1995 for racial discrimination. The parties eventually settled the case and executed a settlement agreement on January 20, 1999, which provided (1) the City would pay Hayes $643, 500; (2) Hayes would resign as a police officer and would never be entitled to work for the City again; (3) upon receiving an inquiry from a prospective employer, the City would provide a "neutral reference"; and, (4) Hayes would release the City from all claims "relating to or arising from his employment with [the City] or separation therefrom."

On June 27, 2000, Hayes again filed suit against the City, alleging (1) that the City violated the "neutral reference" provision of the settlement agreement; (2) defamation and (3) claims under Title VII, section 1983, section 1985(3), section 1986, the Equal Pay Act, the Americans with Disabilities Act and the Fair Labor Standards Act. On July 31, 2000, the district court dismissed Hayes's complaint, rejecting his Title VII, Disabilities Act, Equal Pay Act and Fair Labor Standards Act claims because "he has not been employed with the defendant." The district court rejected the remainder of Hayes's claims and found that the entire complaint was "frivolous." As a result, the district court concluded that it did not have subject matter jurisdiction and dismissed Hayes's complaint pursuant to Rule 12(h)(3).

of Ohio, sitting by designation.

### III.

This court reviews the district court's *sua sponte* dismissal *de novo*. *See Apple v. Glenn*, 183 F.3d 477, 480 (6th Cir.1999). Under the Supreme Court's substantiality doctrine, a court may dismiss a complaint for lack of subject matter jurisdiction if the purported federal claims are "so attenuated and unsubstantial as to be absolutely devoid of merit." *Hagans v. Levine*, 415 U.S. 528, 536, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (citations omitted); *see also Garvin v. Rosenau*, 455 F.2d 233, 239 (6th Cir.1972). "A claim is insubstantial only if 'its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy.'" *Id.* at 537 (citations omitted). Such a dismissal is "appropriate in only the rarest of circumstances where … the complaint is deemed totally implausible." *Apple*, 183 F.3d at 480; Charles A. Wright et al., 13B *Federal Practice & Procedure* § 3564 (2d ed.1984). A district court's substantiality review must take into account plaintiff's *pro se* status. *See Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1183 (7th Cir.1989).

Courts have held that a plaintiff may state a retaliation claim against a former employer for post-discharge conduct, provided that the protected activity occurred during their employment. *See Berry v. Stevinson Chevrolet*, 74 F.3d 980, 985 (10th Cir.1996); *Bailey v. USX Corp.*, 850 F.2d 1506, 1509 (11th Cir.1988). Although we have not yet rendered a holding on the issue, we have endorsed the *Bailey* court's construction of Title VII, relying on it for the proposition "'the plain-meaning rule should not be applied to produce a result which is actually inconsistent with the policies underlying the statute.'" *See EEOC v. Ohio Edison Co.*, 7 F.3d 541, 544–45 (6th Cir.1993) (quoting *Bailey*, 850 F.2d at 1509). Courts have also recognized that a former employee may invoke section 1981 against a former employer when the employer interferes with the employee's right to contract by giving adverse references. *See London v. Coopers & Lybrand*, 644 F.2d 811, 818 (9th Cir. 1981). In light of these decisions, we conclude that the district court erred in dismissing Hayes's complaint for lack of subject matter jurisdiction.

ALICE M. BATCHELDER, Circuit Judge.

I concur with respect to the district court's dismissal of Hayes's claims under Title VII and 42 U.S.C. § 1981. I cannot agree that the district court erred in concluding that Hayes's claims under 42 U.S.C. §§ 1985(3) and 1986, the Americans with Disabilities Act, the Equal Pay Act, and the Fair Labor Standards Act are wholly frivolous. As to those claims, I affirm the judgment of the district court.

I note as well that the majority's opinion does not clearly state the claims actually raised by Hayes. Hayes's complaint alleged a violation of 42 U.S.C. § 1981, which the district court incorrectly referred to as a claim under 42 U.S.C. § 1983. The procedural history of the majority opinion repeats this error.