**ROMANIAN ORPHANS; Romanian Olympic Team; John R. Vintilla, Plaintiffs–Appellants,**

v.

**Barbara RAMAZETTI, individually and as Personal Representative of the Estate of John Collins, deceased, Defendant–Appellee.**

No. 01–13887.

United States Court of Appeals, Sixth Circuit.

June 14, 2002.

Before BOGGS, SILER, and MOORE, Circuit Judges.

The plaintiffs, Romanian Orphans, Romanian Olympic Team (collectively "the Romanian plaintiffs"), and John R. Vintilla, appeal a district court judgment dismissing their civil action brought under federal question jurisdiction, *see* 28 U.S.C. § 1331, and diversity jurisdiction, *see* 28 U.S.C. § 1332(2). The parties have expressly waived oral argument, and this panel

unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

This case involves the probate administration of the estate of the defendant's father, John Collins, who died on October 31, 1992. Legal proceedings were originally commenced in the Wayne County Michigan Probate Court by John B. Payne, a lawyer who was seeking to probate Collins's will, which had named Payne the personal representative of the estate as well as providing a bequest to the Romanian plaintiffs. When the will was not admitted to probate, Vintilla then unsuccessfully sought appellate review by both the Michigan Court of Appeals and the Michigan Supreme Court. In addition, Vintilla also unsuccessfully attempted to collaterally challenge the state court probate proceedings through a complaint for mandamus, which was filed in the Michigan Court of Appeals.

After exhausting state court appellate remedies, Vintilla filed, on October 23, 2000, a lawsuit in the United States District Court for the Eastern District of Michigan. In Count I of the complaint, the plaintiffs assert that under Michigan probate law, they were entitled to an award of attorney fees for having appealed the probate court's order denying the will to probate. In Count II, the plaintiffs argue that their Fourteenth Amendment rights were violated when the probate court ordered them to pay attorney fees in the amount of $4,553.50 to the defendant.

Both sides responded to this lawsuit by filing dispositive motions. On November 16, 2000, the plaintiffs filed a motion for summary judgment pursuant to Fed. R.Civ.P. 56(c). On November 17, 2000, the defendant filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), claiming that the plaintiffs failed to state a claim upon which relief may be granted. On December 1, 2000, the defendant restated her motion to dismiss, adding lack of jurisdiction under Fed.R.Civ.P. 12(b)(1) as an additional reason for supporting dismissal.

A hearing on the respective motions was held by the district court on February 8, 2001. At the conclusion of the hearing, the district court ruled that subject matter jurisdiction was lacking and that the complaint was otherwise barred by the doctrine of res judicata. Accordingly, the defendant's motion to dismiss was granted. The plaintiffs' motion for summary judgment was denied as moot. This appeal followed.

This court reviews *de novo* dismissals for lack of jurisdiction. *See Greater Detroit Res. Recovery Auth. v. United States EPA,* 916 F.2d 317, 319 (6th Cir.1990).

A *de novo* review of the record indicates that the plaintiffs' case was properly dismissed because their claims do not provide an adequate basis for the district court's jurisdiction. *See Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir.1999). The plaintiffs' claims are precluded by the *Rooker–Feldman* doctrine. *See Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Under this doctrine, lower federal courts lack jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments. *See Feldman,* 460 U.S. at 482 & n. 16, 103 S.Ct. 1303; *Rooker,* 263 U.S. at 415–16, 44 S.Ct. 149. A fair reading of the complaint reveals that the plaintiffs' federal case is essentially an appeal of the state court judgment as it merely raises specific issues regarding decisions of the judges sitting in the probate action wherein the plaintiffs are the recipient of adverse rulings. Thus, the district court lacked jurisdiction over any challenge the plaintiffs are making to the legal proceedings held in the Wayne County Probate Court.

Accordingly, the district court's judgment is affirmed.