Hong LIU, Plaintiff–Appellant,

v.

Jerry RUNYAN, Defendant–Appellee.

No. 02–1259.

United States Court of Appeals, Sixth Circuit.

Aug. 26, 2002.

Before KEITH and DAUGHTREY, Circuit Judges; and CARR, District Judge.*

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

## ORDER

Hong Liu, a Michigan resident proceeding pro se, appeals the district court order dismissing her complaint construed as filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Liu sued Jerry Runyan for $200,000 in damages in a fee-paid complaint. She alleged that he infringed upon her civil rights, stalked her, sexually harassed her, defamed her, and threatened her through phone calls and electronic mail. The district court dismissed Liu's complaint for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) and (2) and 12(h)(3). The court held that Liu had no § 1983 claim because Runyan was not a state actor. The court declined to exercise jurisdiction over Liu's state law claims and dismissed them without prejudice. The court also denied Liu's motion to reconsider and her motion to file documents in support of her claims.

In her timely appeal, Liu restates the allegations from her complaint. Liu has also filed a motion for the appointment of counsel and to investigate the Appellee's affidavit.

This court reviews de novo a district court's decision to dismiss for lack of jurisdiction under Fed.R.Civ.P. 12(b)(1). *Duncan v. Rolm Mil–Spec Computers*, 917 F.2d 261, 263 (6th Cir.1990). "Generally, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the

opportunity to amend the complaint." *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir. 1999). However, where a complaint is "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" the district court need not afford the plaintiff an opportunity to amend the complaint, especially where the district court has determined that it lacks subject matter jurisdiction over the action. *Id.* (citing *Hagans v. Lavine,* 415 U.S. 528, 536–37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974)).

Upon review, we conclude that the district court properly held that Liu's allegations were not sufficient to invoke jurisdiction as a § 1983 claim. To state a cause of action under § 1983, a plaintiff must allege that: (1) she was deprived of a right secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros. v. Brooks,* 436 U.S. 149, 155–57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); *Brock v. McWherter,* 94 F.3d 242, 244 (6th Cir. 1996). Because Liu did not allege that Runyan was a state actor, she had no § 1983 claim against him. Accordingly, the district court lacked subject matter jurisdiction over this portion of Liu's complaint.

We also conclude that Liu's state law claims were subject to *sua sponte* dismissal because they are totally implausible, unsubstantial, and devoid of merit. *See Apple,* 183 F.3d at 479.

For the foregoing reasons, we affirm the district court's decision. Rule 34(j)(2)(C), Rules of the Sixth Circuit. All pending motions are denied.