Ambrose W.J. CLAY; J.T. Witherspoon,
Plaintiffs–Appellants,

v.

THE METROPOLITAN GOVERN-
MENT; the Codes Administration of
Said Government of Tennessee, Defen-
dants–Appellees.

No. 02–5025.

United States Court of Appeals,
Sixth Circuit.

Sept. 18, 2002.

Before BOGGS and COLE, Circuit
Judges; BATTANI, District Judge.[*]

Ambrose W.J. Clay and J.T. Wither-
spoon, Tennessee residents proceeding pro
se, appeal the district court order dismiss-
ing their civil action. This case has been
referred to a panel of the court pursuant
to Rule 34(j)(1), Rules of the Sixth Circuit.
Upon examination, this panel unanimously
agrees that oral argument is not needed.
Fed. R.App. P. 34(a).

Seeking ten million dollars in damages
and class action status, Clay and Wither-
spoon sued the "Metropolitan Government
and the Codes Administration of Said Gov-
ernment of Tennessee." They alleged that
the defendants denied Clay his Seventh
Amendment right to a jury trial in a case
brought against him by Metropolitan Gov-
ernment and the Codes Administration in
the General Sessions Court of Davidson
County, Tennessee. They further alleged

that the defendants failed to advise With-
erspoon and others similarly situated of
their right to a jury trial. The district
court dismissed the case *sua sponte* for
lack of subject matter jurisdiction. *See
Apple v. Glenn*, 183 F.3d 477, 479 (6th
Cir.1999). The court held that because the
Seventh Amendment does not apply to
state courts, the complaint lacked a basis
in law and was frivolous.

In their timely appeal, Clay and Wither-
spoon essentially argue that: (1) the dis-
trict court erred by dismissing the case
before the defendants filed an answer; and
(2) the district court interpreted improper-
ly the Seventh Amendment.

This court reviews de novo a district
court's decision to dismiss for lack of juris-
diction under Fed.R.Civ.P. 12(b)(1). *Dun-
can v. Rolm Mil–Spec Computers*, 917
F.2d 261, 263 (6th Cir.1990). "Generally, a
district court may not *sua sponte* dismiss a
complaint where the filing fee has been
paid unless the court gives the plaintiff the
opportunity to amend the complaint." *Ap-
ple*, 183 F.3d at 479. However, where a
complaint is "totally implausible, attenuat-
ed, unsubstantial, frivolous, devoid of mer-
it, or no longer open to discussion" the
district court need not afford the plaintiff
an opportunity to amend the complaint,
especially where the district court has de-
termined that it lacks subject matter juris-
diction over the action. *Id.* (citing *Hagans
v. Lavine*, 415 U.S. 528, 536–37, 94 S.Ct.
1372, 39 L.Ed.2d 577 (1974)). A case is
frivolous if it lacks an arguable basis either
in law or in fact. *Dellis v. Corr. Corp. of
America*, 257 F.3d 508, 511 (6th Cir.2001).

Upon review, we conclude that the dis-
trict court properly dismissed Clay and
Witherspoon's complaint for lack of subject
matter jurisdiction. The plaintiffs alleged
that the defendants denied them the right

---

[*] The Honorable Marianne O. Battani, United
States District Judge for the Eastern District
of Michigan, sitting by designation.

to a jury trial in a state court as guaranteed by the Seventh Amendment to the United States Constitution. However, the Seventh Amendment does not require that state tribunals hold jury trials. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 432, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996); *GTFM, LLC v. TKN Sales, Inc.*, 257 F.3d 235, 240 (2d Cir.2001); *Elliott v. City of Wheat Ridge*, 49 F.3d 1458, 1459–60 (10th Cir.1995). Thus, the complaint lacked an arguable basis in law and was subject to *sua sponte* dismissal. *See Dellis*, 257 F.3d at 511; *Apple*, 183 F.3d at 479.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.