**Terry Shane METZENBAUM,**
**Plaintiff–Appellant,**

v.

**CITY OF MAYFIELD HEIGHTS,**
**et al. Defendants–Appellees.**

No. 02–3581.

United States Court of Appeals,
Sixth Circuit.

Jan. 31, 2003.

Before DAUGHTREY and COLE,
Circuit Judges; and SARGUS, District
Judge.*

*ORDER*

Terry Shane Metzenbaum appeals pro se from a district court judgment that dismissed his civil action filed under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Metzenbaum primarily alleged that he was the subject of an unwarranted police investigation and report regarding the harassment of a waitress at a Longhorn Steakhouse, that he was barred from the restaurant, that the police report was im-properly released to his potential employers, and that various prosecutors and state and federal judges were involved in the dismissal of a "continuing criminal enterprise case" that he had filed against the waitress. The district court dismissed the case on April 25, 2002, because Metzenbaum's allegations did not provide a sufficient basis for federal subject matter jurisdiction. *See* Fed.R.Civ.P. 12(b)(1). Metzenbaum's motion for reconsideration was denied, and he now appeals. He has filed several motions for miscellaneous relief.

A *de novo* review of the record indicates that Metzenbaum's case was properly dismissed because his claims were so insubstantial and attenuated as to deprive the district court of subject matter jurisdiction. *See Apple v. Glenn,* 183 F.3d 477, 479–80 (6th Cir.1999). In this regard, we note that Metzenbaum has not alleged all of the material elements that are required to support a RICO claim. *See Begala v. PNC Bank, Ohio, Nat'l Ass'n,* 214 F.3d 776, 781–82 (6th Cir.2000); *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 494–95 (6th Cir.1990). Metzenbaum argues that he was entitled to an evidentiary hearing. However, a hearing was not required as the existing record plainly shows that he was not entitled to relief.

Metzenbaum now argues that he has a civil rights claim under 42 U.S.C. § 1985. He did not clearly raise such a claim in the district court, and we need not consider it for the first time on appeal. *See Barker v. Shalala,* 40 F.3d 789, 793–94 (6th Cir. 1994). Nevertheless, we note that Metzenbaum has not alleged a cognizable claim under § 1985(3), as there is no indication that the defendants' alleged actions were

---

* The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

motivated by some constitutionally impermissible class-based animus, such as his race or religion. *See Smith v. Thornburg,* 136 F.3d 1070, 1078 (6th Cir.1998).

Accordingly, the district court's judgment is affirmed and all pending motions are denied as moot. Rule 34(j)(2)(C), Rules of the Sixth Circuit.