**David Paul RUSSELL, Plaintiff–Appellant,**

v.

**Martin VITTANDS, Defendant–Appellee.**

No. 03–1107.

United States Court of Appeals, Sixth Circuit.

Nov. 3, 2003.

David Paul Russell, pro se, Napoleon, OH, for Plaintiff–Appellant.

Before MOORE and ROGERS, Circuit Judges; and FORESTER, District Judge.*

### ORDER

David Paul Russell, an Ohio resident proceeding pro se, appeals the district court order that denied his motion for miscellaneous relief. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Russell filed a motion for miscellaneous relief against Martin Vittands, identified as an assistant attorney general for the state of Michigan. In a rambling pleading, Russell appeared to request records from a proceeding in the Michigan Supreme Court. He also attached copies of documents filed in administrative proceedings and state courts in Ohio and Michigan. The district court reviewed these materials and determined that Russell was terminated from his job with an Ohio company named Cloverleaf Cold Storage in August 2001 and was denied unemployment benefits. The district court held that Russell's papers presented no basis for subject matter jurisdiction and dismissed the case sua sponte pursuant to Fed.R.Civ.P. 12(b)(1). *See Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir.1999).

On appeal, Russell appears to argue that his former employer, Michigan's unemployment agencies, and state courts in Michigan and Ohio acted improperly in Russell's attempts to contest the denial of unemployment benefits. He also requests miscellaneous relief.

This court reviews de novo a district court's decision to dismiss for lack of jurisdiction under Fed.R.Civ.P. 12(b)(1). *Duncan v. Rolm Mil–Spec Computers,* 917 F.2d 261, 263 (6th Cir.1990). Where a complaint is "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" the district court need not afford the plaintiff an opportunity to amend the complaint, especially where the district court has de-

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

termined that it lacks subject matter jurisdiction over the action. *Apple,* 183 F.3d at 479 (citing *Hagans v. Lavine,* 415 U.S. 528, 536–37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974)).

Upon review, we conclude that the district court properly dismissed the case for lack of subject matter jurisdiction. Russell's claim seems to center on his termination and his quest for unemployment benefits. He challenged the denial of benefits through administrative appeals, and also filed state court actions in Ohio and Michigan. To the extent Russell is challenging the results of his state court cases, his claim is barred by the *Rooker–Feldman* doctrine. The *Rooker–Feldman* doctrine prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Patmon v. Mich. Supreme Court,* 224 F.3d 504, 506–07 (6th Cir.2000). Because the district court lacked jurisdiction over the only claim decipherable from Russell's pleadings, the court properly dismissed the case under Fed.R.Civ.P. 12(b)(1). *See Apple,* 183 F.3d at 479.

For the foregoing reasons, we deny all pending motions and affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.