NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 20a0262n.06

No. 19-1902

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
May 11, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. BRADLEY GELLER et al., | ) ) | |
| | ) | ON APPEAL FROM THE |
| **Relators–Appellants,** | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| STATE OF MICHIGAN et al., | ) | |
| | ) | **OPINION** |
| **Defendants–Appellees.** | ) | |
| | ) | |

Before: SILER, MOORE, and NALBANDIAN, Circuit Judges.

PER CURIAM. Bradley Geller filed a *qui tam* complaint against the State of Michigan alleging various fraud and due-process violations in its administration of guardianship proceedings. R. 1 (Compl.) (Page ID #1). Geller practices guardianship law in the Michigan courts and brought this action on behalf of his clients and the United States—acting as both the relator and the attorney of record. *Id.* at Page ID #13, 37. He amended the complaint to add a co-plaintiff, Ronald Boucher, and to include claims against the courts, professional guardians/public administrators, counties, and agencies that contribute to the guardianship system. *See* R. 35 (2d Am. Compl.) (Page ID #290). The State of Michigan, St. Clair County, Washtenaw County, and public administrator defendants moved to dismiss. *See* R. 66 (R&R at 3–4) (Page ID #865–66). Some defendants moved for sanctions. *See* R. 61 (Mot. for Sanctions) (Page ID #761).

No. 19-1902, *United States, ex rel Bradley Geller et al. v. State of Michigan et al.*

In his Report and Recommendation entered on April 26, 2019, the magistrate judge recommended that all motions to dismiss be granted and that any remaining claims be dismissed *sua sponte* under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. R. 66 (R&R at 4, 25) (Page ID #866, 887); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."). The magistrate judge included a notice to the parties that a failure to file objections within fourteen days of being served a copy of the R&R "constitutes a waiver of any further right of appeal." R. 66 (R&R at 27) (Page ID #889). The docket reflects that the plaintiffs were served a copy of the R&R that same day, so any objections were due by May 10, 2019. Rather than file objections within the fourteen days, the plaintiffs submitted a notice of voluntary dismissal without prejudice on May 14, 2019. R. 68 (Notice of Voluntary Dismissal) (Page ID #893). The district court entered an order adopting the R&R on May 16, 2019 and dismissing the amended complaint with prejudice. R. 69 (Order) (Page ID #922). The district court also observed that "[t]he parties' failure to file objections to the report and recommendation waives any further right to appeal." *Id.*

"In this circuit, the failure to object to a magistrate judge's Report and Recommendation results in a waiver of appeal on that issue as long as the magistrate judge informs the parties of the potential waiver." *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (holding that the Sixth Circuit's waiver rule is within its

supervisory powers). Here, the magistrate judge put the plaintiffs on notice of potential waiver. Nevertheless, the plaintiffs failed to file a timely objection to the R&R. Waiver therefore applies.

We may, however, "decline to apply the waiver rule where the district court's error is so egregious that failure to permit appellate review would work a miscarriage of justice." *United States v. 1184 Drycreek Rd.*, 174 F.3d 720, 726 (6th Cir. 1999); *see also Thomas*, 474 U.S. at 155 ("[B]ecause the rule is a nonjurisdictional waiver provision, the Court of Appeals may excuse the default in the interests of justice."). We will also sometimes decline to apply waiver when "hearing the issue 'would serve an overarching purpose other than simply reaching the correct result in this case' [or] if the issue is presented with sufficient clarity such that no factual development would be required and resolving the issue would promote the finality of litigation in the case." *Carter v. Mitchell*, 829 F.3d 455, 472 (6th Cir. 2016) (citation omitted), *cert. denied*, 137 S. Ct. 637 (2017). None of these circumstances is present here. The magistrate judge and the district court have noted the many insufficiencies of the plaintiffs' pleadings. And it is not enough, as the plaintiffs contend, that the alleged *conduct* is egregious, if proved to be true. There is no automatic "importance exception" to the waiver rule—even in cases of constitutional significance. *See Wandahsega*, 924 F.3d at 879 ("The fact that his constitutional rights are at issue does not in and of itself make our decision to decline to entertain his waived arguments a miscarriage of justice."). Lastly, the notice of voluntary dismissal does not help the plaintiffs. There was no guarantee that a request to dismiss the action *without prejudice*, under the looming threat of sanctions and a prejudicial dismissal, would succeed. We see no reason to decline to apply waiver in this case.

We hold that the plaintiffs waived their right to an appeal by failing timely to file objections to the R&R. We accordingly **DISMISS** this appeal.