NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0312n.06

No. 21-3888

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Aug 02, 2022
DEBORAH S. HUNT, Clerk

KENNETH BURNHAM; COLUMBIA PARK
WATER AND SEWER SYSTEM,

    Plaintiffs-Appellants,

v.

CAROLYN FRIEDLAND, in her official capacity
as Judge/Actor of the State of Ohio,

    Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO

OPINION

Before: GILMAN, GRIFFIN, and THAPAR, Circuit Judges.

GRIFFIN, J., delivered the opinion of the court in which GILMAN and THAPAR, JJ., joined. THAPAR, J. (pg. 4), delivered a separate concurring opinion.

GRIFFIN, Circuit Judge.

Plaintiffs allege that a state trial-court judge committed an unconstitutional taking by issuing a summary judgment order adverse to them. The district court sua sponte dismissed plaintiffs' complaint after finding that defendant was entitled to judicial immunity. We affirm.

I.

In 2004, plaintiff Kenneth Burnham purchased a wastewater treatment facility in Ohio known as Columbia Park Water and Sewer System, a licensed Ohio public utility. The treatment facility was in a mobile home park, which became the subject of a foreclosure action brought by U.S. Bank. In that action, plaintiffs maintained that "[t]he subject facility and the Plaintiffs were not a party to any mortgage in the foreclosure action and did not owe U.S. Bank any monies under

the mortgage," and filed counterclaims against U.S. Bank to that effect. U.S. Bank filed a motion for summary judgment on those counterclaims, which the trial judge, defendant Carolyn Friedland, granted. The effect of Judge Friedland's order was to "divest[] and destroy[] all rights of the Plaintiffs" by "transferr[ing] [their] property rights to a private party [r]eceiver" as part of the foreclosure action.

Plaintiffs then filed a complaint in federal district court, alleging that Judge Friedland effected a taking without due process and just compensation, in violation of the Fifth Amendment, when she granted U.S. Bank's motion for summary judgment. Before Judge Friedland was served, the district court found that she was entitled to judicial immunity because plaintiffs had failed to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6). Accordingly, the court sua sponte dismissed the complaint. Plaintiffs timely appealed.

II.

We review de novo the district court's dismissal of a complaint under Rule 12(b)(6). *In re Fifth Third Early Access Cash Advance Litig.*, 925 F.3d 265, 275–76 (6th Cir. 2019). Accepting the allegations in the complaint as true and drawing all reasonable inferences in plaintiffs' favor, we must determine whether the complaint plausibly states a claim for relief. *Id.* at 276.

"Generally, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). "Nevertheless, a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.*

Judges are absolutely immune from suits under 42 U.S.C. § 1983 arising out of their performance of judicial functions. *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967). This immunity extends even to judicial acts performed maliciously, corruptly, in bad faith, or in error. *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004). There are only two exceptions to judicial immunity: A judge is not immune from suits for acts that are (1) not judicial in nature or (2) performed without jurisdiction. *Id*.

Here, plaintiffs' claims, as detailed by the plain language of their complaint, are wholly devoid of merit. Plaintiffs challenge "an official act, a judicial summary judgment Order[.]" And they concede that Judge Friedland "acted under the color of the law of the State of Ohio when issuing the Order[.]" They do not claim that Judge Friedland lacked the jurisdiction or authority to take the property, but that she did so improperly by not ordering just compensation. Thus, plaintiffs have acknowledged that Judge Friedland took a judicial action that was properly within her jurisdiction as an Ohio judge. Because the complaint does not even attempt to circumvent judicial immunity, it is wholly implausible and devoid of merit. Thus, although the district court should have given plaintiffs an opportunity to amend their complaint before dismissing it under Rule 12(b)(6), the total lack of plausibility in plaintiffs' complaint reveals this to be one of the rare circumstances in which it is appropriate to dismiss the complaint for lack of subject-matter jurisdiction under Rule 12(b)(1). *See Apple*, 183 F.3d at 479–80. We may affirm a judgment "for reasons other than those stated by the lower court." *Id*. Therefore, we affirm the district court's dismissal of plaintiffs' complaint.

III.

For these reasons, we affirm the judgment of the district court.

THAPAR, Circuit Judge, concurring. Too often courts describe issues as jurisdictional when they are really merits based. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). The doctrine we apply here is just one more example of that. The Supreme Court has told us that we lack jurisdiction over claims that are "devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (cleaned up). And the majority correctly finds that Burnham's claim is "devoid of merit" because judicial immunity will bar him from recovery.

But judicial immunity isn't a jurisdictional doctrine; it's an affirmative defense that goes to the merits. *See, e.g.*, *Bright v. Gallia County*, 753 F.3d 639, 648–50 (6th Cir. 2014). Thus, we rely entirely on the *merits* to determine that the district court lacked *jurisdiction*.

Although I'm skeptical of this doctrine, it's been neither overruled nor abandoned. So I concur.