NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0233n.06

Case No. 24-6014

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 08, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) | COURT FOR THE WESTERN DISTRICT OF TENNESSEE |
| MARTEZ LAMAR POE, | ) ) | |
|     Defendant-Appellant. | ) ) | OPINION |

Before: BOGGS, GRIFFIN, and NALBANDIAN, Circuit Judges.

**NALBANDIAN, Circuit Judge.** A grand jury indicted Martez Lamar Poe with one count of knowingly possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). Poe moved to dismiss the indictment, arguing that § 922(g)(1) was unconstitutional under the Second Amendment, both on its face and as applied to him. The district court denied the motion. Poe conditionally pleaded guilty and reserved the right to appeal that denial. He now appeals on his as applied challenge, contending that reversal and a limited remand are necessary so that he can establish that he's not dangerous under *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024). But, because § 922(g)(1) is constitutional as applied to him and a remand isn't required, we affirm.

I.

In June 2023, while on patrol, officers with Tennessee's Jackson Police Department saw Martez Lamar Poe leave a house carrying a rifle. They saw Poe put the rifle in a car. They knew, through prior interactions, that he was not allowed to have a gun because he was a felon. But they

ran his record to confirm this fact. And, in fact, he had been convicted and sentenced that February for evading arrest and driving with a revoked license. Indeed, he was on probation for this conviction when the officers saw him in June.

With that confirmation, the officers followed Poe as he drove off. They followed him to the parking lot of an apartment complex, where he got out of the car and quickly entered one of the units. Poe left the rifle in the car. One officer went to Poe's parked car and the other went to the unit Poe entered. The officer at the car saw the rifle lying in the front passenger seat. The other found Poe and arrested him. When they recovered the rifle, they found it loaded with one round in the chamber and thirteen rounds in the magazine.

In February 2024, a grand jury indicted Poe with one count of knowingly possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). He moved to dismiss the indictment, arguing § 922(g)(1) was unconstitutional, facially and as applied to him, under the Second Amendment. The district court denied the motion. It held that § 922(g)(1) was constitutional, reasoning that Poe was a felon and the Second Amendment doesn't protect felons.

Poe entered a conditional guilty plea that reserved the right to appeal that denial. The court sentenced Poe to 30 months' imprisonment.[1] He timely appealed.

## II.

Poe appeals the district court's denial of his motion to dismiss. The sole issue is whether 18 U.S.C. § 922(g)(1)'s prohibition on the possession of firearms by felons is unconstitutional as

---

[1] His Presentence Report (PSR) calculated a total offense level of 12, a criminal-history category of VI, and an advisory Sentencing Guidelines range of 30 to 37 months' imprisonment, and recommended a sentence of 30 months' imprisonment. At sentencing, Poe requested a sentence of time served while the government asked for 32 months of imprisonment.

applied to him because it infringes on his Second Amendment rights. We review this constitutional challenge de novo. *United States v. Gailes*, 118 F.4th 822, 824 (6th Cir. 2024).

"The Second Amendment provides: 'A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.'" *Williams*, 113 F.4th at 643 (quoting U.S. Const. amend. II.). Section 922(g)(1), though, permanently disarms felons by making it "unlawful for any person—who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year" to possess "any firearm or ammunition."

We've held that felons are included among "the people" protected by the Second Amendment. *Williams*, 113 F.4th at 649–50. But because "our nation's history and tradition demonstrate that Congress may disarm individuals they believe are dangerous," and "most applications of § 922(g)(1) are constitutional," we've ruled that "§ 922(g)(1) is constitutional on its face." [2] *Id.* at 657, 662. At the same time, we've said that "§ 922(g)(1) might be susceptible to an as-applied challenge in certain cases." *Id.* at 657. In such cases, a court must assess whether a defendant's criminal history reveals dangerousness consistent with our nation's history and tradition of regulating firearms ownership by dangerous individuals. *Id.* at 658–62. If the defendant's criminal history does, permanent disarmament is constitutional as applied to that defendant. *Id.* at 662–63.

There are a few things to keep in mind when reviewing as applied challenges to § 922(g)(1). For one, the burden is on the defendant "to demonstrate that he is not dangerous." *Id.* at 657. For another, we've been careful not to "draw bright categorical lines" to define dangerousness. *Id.* at 660. But we've held that if a defendant has committed "a crime that

---

[2] Poe concedes as much and abandons his facial challenge on appeal.

inherently poses a significant threat of danger," even without direct violence against an individual, then such evidence "strongly suggest[s] that [this] individual is dangerous." *Id.* at 660, 663. And an evaluation of dangerousness requires consideration of the "individual's entire criminal record—not just the predicate offense for purposes of § 922(g)(1)." *Id.* at 657–58. On this, a court is "not confined to the fact of conviction alone, but may consider how an offense was committed." *United States v. Morton*, 123 F.4th 492, 499 (6th Cir. 2024); *accord Williams*, 113 F.4th at 660, 663.

Poe wants a remand, despite making no effort on appeal to show he's not dangerous. He claims that he never had the chance below to show he's not dangerous. But that's not entirely accurate. True, he moved to dismiss in May 2024, and the district court denied his motion in June 2024, which was before we issued *Williams* in August 2024. And *Williams* "left open the possibility for a defendant to succeed on an as-applied challenge" if he satisfies his burden to prove that he's not dangerous. *United States v. Vaughn*, No. 23-5790, 2024 WL 4615853, at *2 (6th Cir. Oct. 30, 2024).

But the district court didn't sentence him until October 2024. And between August and his sentencing, Poe didn't acknowledge *Williams* or try to establish that his past convictions aren't dangerous. It's true that when the district court denied the motion to dismiss, it held that the Second Amendment didn't protect Poe since he was a felon. But the court didn't have the benefit of *Williams*.

Regardless, what's important is that Poe had a chance, with *Williams* in hand, to at least ask the district court for what he is now requesting from us: to "develop a record" and "present

evidence that he is not dangerous." Appellant Br. at 6. And importantly, on appeal, Poe fails to tell us what "evidence" he would have presented on the dangerousness question.[3]

In any event, post-*Williams*, we've not required a remand to establish dangerousness when a defendant's criminal history makes clear that he's dangerous and can be disarmed. *See Morton*, 123 F.4th at 500; *Williams*, 113 F.4th at 662; *United States v. Henson*, No. 24-3494, 2025 WL 1009666, at *7 (6th Cir. Apr. 3, 2025); *United States v. Fordham*, No. 24-1491, 2025 WL 318229, at *5 (6th Cir. Jan. 28, 2025); *Vaughn*, 2024 WL 4615853, at *2. And Poe's criminal history[4] dooms his challenge.

Starting in March 2018, he was convicted of two counts of possession of a firearm with intent to go armed, which generally means the offender is prepared to use the firearm. In June 2019, he was convicted of escape. While already incarcerated, he was arrested after walking away from trash-crew duty to a local restaurant. Then, in May 2020, Poe was convicted of aggravated criminal trespassing and unlawfully possessing a firearm. While responding to a shots-fired call at an apartment building, Jackson Police Department officers received a description of an armed man with a handgun. Upon arrival at the building, an officer tried to stop Poe since he fit the description. But Poe refused to stop. Instead, he ran into an apartment unit, without the tenant's permission, even though the tenant was home. Once inside, Poe tried to hide the gun in a trash can.

---

[3] In *Williams*, we stated that "district courts should make fact-specific dangerousness determinations after taking account of the unique circumstances of the individual, including details of his specific conviction." 113 F.4th at 663. We aren't opining on what would be appropriate for a defendant to present to the court on this question. We are only saying that whatever that might be, Poe hasn't identified it.

[4] We take portions of Poe's criminal history from his PSR, to which he didn't object below. *See id.* at 662.

Poe's criminal activity continued after this. In December 2020, he was again convicted for unlawfully possessing a firearm. And in February 2023, Poe received his felony evading-arrest conviction. There, a Jackson Police Department officer tried to pull him over because he was wanted for a home invasion committed earlier that day. But he refused to stop and then sped up. He eventually abandoned his car and fled on foot into the woods and dropped a weapon when doing so.

Poe's criminal history, marked by repeated firearm convictions and flight from law enforcement while armed, indicates he's a dangerous felon. *See United States v. Goins*, 118 F.4th 794, 797 (6th Cir. 2024) ("[R]epeated actions demonstrate[] a likelihood of future dangerous conduct."). Poe accumulated enough points to place him in the highest criminal category (VI) under the Sentencing Guidelines in just six years. His multiple convictions for unlawfully possessing firearms and possessing a firearm with the intent to go armed indicate his propensity for having weapons with him when he shouldn't. His escape conviction, including walking away from custody while already incarcerated, and his felony evading-arrest conviction show his clear unwillingness to comply with legal obligations and law enforcement and justify a finding of dangerousness. *See, e.g.*, *United States v. Young*, 580 F.3d 373, 377–78 (6th Cir. 2009) (finding a defendant's "deliberate attempt to flee or elude a police officer in a motor vehicle" "nearly always pose[s] a substantial danger to pedestrians, other motorists, passengers, and pursuing officers" and is a violent and aggressive act warranting a sentencing enhancement); *United States v. Martin*, 378 F.3d 578, 583 (6th Cir. 2004) (same).

And his conviction for aggravated criminal trespassing with a firearm highlights his escalating behavior. Poe not only entered an occupied apartment without permission while armed, but he did so while actively evading police. Then he tried to hide his gun. And don't forget

6

his rifle possession here. A loaded gun is inherently dangerous. *Cf. United States v. Morris*, No. 98–4525, 2000 WL 1359627, at \*6 (6th Cir. Sept. 14, 2000) (unpublished table opinion) ("[C]ourts have recognized that even an unloaded gun can be considered dangerous."). And Poe placed it in the passenger seat next him, presumably for quick access and use.

Poe's criminal history shows convictions for repeated firearms use and defiance of law enforcement, and an instance of armed intrusion into a private residence, all contributing to the assessment of him as dangerous. *See Williams*, 113 F.4th at 659, 663 (a felon is dangerous and can be disarmed if he's committed "a crime that inherently poses a significant threat of danger," even if that crime doesn't "involve an immediate and direct threat of violence against a particular person"). Poe's history leaves no doubt that he has no interest in following the law and will continue to create a risk of violent confrontation and place others at risk of immediate harm unless disarmed. *See id.* at 659 (convictions of crimes that "put someone's safety at risk" "justify a finding of danger."). Had the district court assessed Poe's dangerousness, we have no doubt it would have come to the same conclusion.

In sum, the district court incorrectly held that the Second Amendment didn't apply to Poe because he was a felon. *See id.* at 649; *Vaughn*, 2024 WL 4615853, at \*3. But we affirm because Poe is dangerous and failed to establish otherwise, so § 922(g)(1) is constitutional as applied to him. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("We may affirm a district court's judgment for reasons other than those stated by the lower court."); *Allen v. Diebold, Inc.*, 33 F.3d 674, 676 (6th Cir. 1994) (same).

## III.

For the foregoing reasons, we AFFIRM.