Lester Pike **HASSINK**, Plaintiff–Appellant,

v.

Ron **MOTTL**; Don **Shury**, Defendants–Appellees.

No. 02–3014.

United States Court of Appeals, Sixth Circuit.

Sept. 30, 2002.

Before GUY, SILER, and BATCHELDER, Circuit Judges.

## ORDER

Lester Pike Hassink, an Ohio resident proceeding pro se, appeals the district court order dismissing his civil rights action filed pursuant to 42 U.S.C. §§ 1983 and 1985. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking compensatory damages of $700,000 and punitive damages of $56,000 against each defendant, Hassink sued attorney Ron Mottl and bail bondsman Don Shury. Hassink alleged that the defendants violated his Eighth and Fourteenth Amendment rights when they caused his request for bond on appeal of a state court conviction to be denied. The district court entered an order directing Hassink to either pay the filing fee or request in forma pauperis status. Hassink paid the filing fee. The district court dismissed the complaint *sua sponte*, holding that Hassink's allegations were so attenuated that they divested the court of jurisdiction. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The court held that the defendants were not state actors who could be sued under § 1983, and that the defendants did not violate any of Hassink's constitutional rights.

In his timely appeal, Hassink argues that: (1) Mottl's status as an attorney made him a state actor; and (2) the defendants conspired with court officials.

This court reviews de novo a district court's decision to dismiss for lack of jurisdiction under Fed.R.Civ.P. 12(b)(1). *Duncan v. Rolm Mil–Spec Computers*, 917 F.2d 261, 263 (6th Cir.1990). Where a complaint is "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion," the district court need not afford the plaintiff an opportunity to amend the complaint, especially where the district court has determined that it lacks subject matter jurisdiction over the action. *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974)).

Upon review, we conclude that the district court properly dismissed Hassink's complaint. Hassink's claim arose out of a prosecution for aggravated theft in Columbiana County, Ohio. After Hassink posted a $100,000 bond through Shury's services, Hassink missed a status conference. The court revoked the bond, adjudged the bond forfeited, and issued a warrant for his arrest. Hassink was arrested and his bond was set at one million dollars cash. Hassink pleaded guilty pursuant to a plea agreement and was sentenced to four years of incarceration. Mottl, as attorney for Shury, filed a motion to vacate the bond forfeiture and to discharge the company from the bond. The motion included a statement by Shury that he had reason to believe Hassink would leave the country if released on bond. Mottl also filed a motion to surrender Hassink to the sheriff and to discharge Shury from liability on Hassink's bond because Shury believed Hassink was planning to leave the country when released from custody. Hassink claimed that he could not get an appeal bond because of Shury's statements.

Hassink had no claim under § 1983. To state a cause of action under § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57, 98

S.Ct. 1729, 56 L.Ed.2d 185 (1978). First, Hassink did not allege that either defendant was a state actor. Hassink described Shury as the owner of a bonding company, with no ties to the state. Mottl, as a lawyer representing his client, was not a state actor under color of state law within the meaning of § 1983. *See Polk County v. Dodson,* 454 U.S. 312, 318, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). Second, neither defendant deprived Hassink of any federal right. The named defendants simply were not responsible for setting Hassink's bail. Thus, Hassink had no § 1983 claim against either Shury or Mottl.

We also agree with the district court that Hassink had no § 1985 claim. Hassink did not allege any facts to indicate that the defendants conspired to deny him equal protection because of his race. *See Johnson v. Hills & Dales Gen. Hosp.,* 40 F.3d 837, 839 (6th Cir.1994).

Hassink's arguments on appeal are without merit. He maintains that Mottl's status as an attorney made him a state actor, and that the defendants conspired with court officials. First, as stated above, a private attorney is not a state actor. *See Polk County,* 454 U.S. at 318, 102 S.Ct. 445. Second, conclusory allegations of a conspiracy are not sufficient to state a claim under § 1983. *See Kensu v. Haigh,* 87 F.3d 172, 175–76 (6th Cir.1996); *Gutierrez v. Lynch,* 826 F.2d 1534, 1538 (6th Cir.1987).

Hassink's complaint lacked an arguable basis in law. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir.2001). Accordingly, the district court properly dismissed the case *sua sponte* for lack of subject matter jurisdiction. *See Apple,* 183 F.3d at 479. For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.