**David Paul RUSSELL, Plaintiff–Appellant,**

v.

**Stephen H. GARRARD; Murco Foods, Inc., Defendants–Appellees.**

No. 03–1280.

United States Court of Appeals, Sixth Circuit.

Dec. 9, 2003.

David Paul Russell, pro se, Napoleon, OH, for Plaintiff–Appellant.

Before ROGERS and COOK, Circuit Judges; and COHN, District Judge.*

gan, sitting by designation.

## ORDER

David Paul Russell, an Ohio resident proceeding pro se, appeals the district court order that denied his motion for miscellaneous relief. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Russell filed a motion for miscellaneous relief against Stephen H. Garrard, identified as an assistant attorney general for the State of Michigan, and Murco Foods, Inc. (Murco). In a rambling pleading. Russell appeared to seek relief from a prior state court action involving unemployment compensation. Russell attached copies of documents filed in administrative proceedings and state court. The district court sua sponte dismissed Russell's motion without prejudice. The court held that Russell had not set forth any basis for federal relief because the *Rooker–Feldman* doctrine barred review of Russell's state court case.

On appeal, Russell appears to argue that: (1) the State of Michigan breached its duty to him; (2) that Murco committed libel and slander; and (3) that both the state government and Murco impeded his state court litigation.

This court reviews de novo a district court's decision to dismiss for lack of jurisdiction under Fed.R.Civ.P. 12(b)(1). *See Duncan v. Rolm Mil–Spec Computers,* 917 F.2d 261, 263 (6th Cir.1990). Where a complaint is "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" the district court need not afford the plaintiff an opportunity to amend the complaint, especially where the district court has determined that it lacks subject matter jurisdiction over the action. *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir.1999) (citing

*Hagans v. Lavine,* 415 U.S. 528, 536–37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974)).

Upon review, we conclude that the district court properly dismissed the case for lack of subject matter jurisdiction. Russell's case seems to center on his claim for unemployment benefits and alleged discovery abuses in state court proceedings. Russell challenged the denial of benefits through an administrative appeal, and filed an action in Allegan County, Michigan Circuit Court. He pursued the case to the Michigan Supreme Court. To the extent Russell is challenging the results of his state court case, his claim is barred by the *Rooker–Feldman* doctrine. The *Rooker–Feldman* doctrine prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Because the district court lacked jurisdiction over the only claim decipherable from Russell's pleadings, the court properly dismissed the case under Fed.R.Civ.P. 12(b)(1). *See Apple,* 183 F.3d at 479.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.