NOT RECOMMENDED FOR PUBLICATION
File Name:  20a0207n.06

No. 18-3678

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 14, 2020
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| RAYMOND ZARECK, | ) |
|     Plaintiff-Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| CORRECTIONS CORPORATION OF AMERICA; MICHAEL PUGH, Warden of Corrections Corporation of America; DENNIS JOHNSON, Acting Warden of Corrections Corporation of America; FOOD SERVICE ADMINISTRATOR; FOOD SERVICE SUPERVISOR, | ) |
|     Defendants-Appellees. | ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

OPINION

BEFORE:  STRANCH, READLER, and MURPHY, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.**  Raymond Zareck alleges that while incarcerated at the Corrections Corporation of America (CCA) facility in Youngstown, Ohio, CCA officials fed him and other Muslim prisoners pork portrayed as turkey even though eating pork violates Zareck's religious beliefs.  The district court dismissed Zareck's fee-paid Complaint before service and without granting leave to amend because it concluded that Zareck's allegations were "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" under *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).  We **REVERSE** and **REMAND**.

## I.    BACKGROUND

Zareck is Muslim and was incarcerated at the Ohio CCA facility from November 9, 2015 through February 8, 2016.  As a religious practice, Zareck does not eat pork.  CCA officials told

him that he would be able to eat a religiously-appropriate "pork free" diet while incarcerated. He alleges that he and several other Muslim inmates were instead fed pork products that the Defendants portrayed as turkey.

When he learned that he and other Muslim prisoners were being fed pork products, he filed a grievance. In response, CCA officials told him he would be all right and that it was an isolated incident. But Zareck contends that it was not an isolated incident; he was fed pork portrayed as turkey on "over twelve occasions." After he exhausted the grievance procedure, Zareck filed a pro se 42 U.S.C. § 1983 action against CCA; Michael Pugh, the Warden of CCA; Dennis Johnson, the acting Warden of CCA; the Food Service Administrator; and the Food Service Supervisor. He paid the associated filing fee. Zareck sought injunctive, declaratory, and compensatory relief for the alleged violations of his constitutional rights.

Before Zareck could serve his fee-paid Complaint on Defendants, the district court dismissed the Complaint *sua sponte*. Relying on the *Apple* standard, the court determined that the Complaint was so lacking in legal plausibility and/or so devoid of merit that the court must dismiss it without granting leave to amend or giving Zareck an opportunity to respond to a motion to dismiss. *Apple*, 183 F.3d at 479. Zareck timely appealed. Because the Defendants were never served, they are not parties to this appeal. Zareck is no longer confined at CCA Youngstown.

## II.   ANALYSIS

We review a district court's dismissal for lack of subject matter jurisdiction de novo. *Willis v. Sullivan*, 931 F.2d 390, 395 (6th Cir. 1991). Pro se complaints must be liberally construed and "held to less stringent standards than" those used in evaluating pleadings submitted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). "Generally, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." *Apple*, 183 F.3d

at 479 (citing *Benson v. O'Brian*, 179 F.3d 1014, 1017 (6th Cir. 1999)). *Sua sponte* dismissal of a paid complaint for failure to invoke subject-matter jurisdiction is appropriate, however, in the "rarest" circumstance "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* at 479–80 (affirming dismissal for lack of jurisdiction where a plaintiff "sued Senator John Glenn, Chief Justice William Rehnquist, and other top government officials, claiming that the defendants violated his First Amendment right to petition the government because they did not answer his many letters or take the action requested in those letters."). Because this avenue of dismissal circumvents procedural protections and the adversarial process, its use is not proper if a district court is merely skeptical about a plaintiff's ability to ultimately state a claim under Rule 12(b)(6). *See id.* at 480. It is reserved only for patently frivolous complaints, which present no Article III case because there is "no room for the inference that the question[s] sought to be raised can be the subject of controversy." *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (quoting *Levering & Garrigues Co. v. Morrin*, 289 U.S. 103, 105 (1933)).

The district court here correctly identified that § 1983 claims may be brought against only state, not federal, actors. It next concluded that it lacked subject-matter jurisdiction over Zareck's Complaint because, in its view, even construing Zareck's claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the allegations were "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Zareck v. Corr. Corp. of Am.*, No. 4:18 CV 334, 2018 WL 3241242, at *1 (N.D. Ohio July 3, 2018) (quoting *Apple*, 183 F.3d at 479). Specifically, the court noted that CCA is a private prison facility, and relying on *Correctional Services Corporation v. Malesko*, 534 U.S. 61 (2001), decided that a *Bivens* action cannot be brought against a private corporation that has contracted with the federal

Bureau of Prisons under any circumstances. *Zareck*, 2018 WL 3241242 at \*1. As for Zareck's claims against the individual Defendants, the court cited *Minneci v. Pollard*, 565 U.S. 118 (2012), to support its conclusion that "no *Bivens* action lies against 'privately employed personnel working at a privately operated federal prison' for constitutional rights violations where the conduct alleged 'is of a kind that typically falls within the scope of traditional state tort law.'" *Zareck*, 2018 WL 3241242 at \*1 (quoting *Minneci*, 565 U.S. at 131). The court, however, failed to analyze whether Zareck's claims relate to conduct "of a kind that typically falls within the scope of traditional state tort law," or whether any other state or federal remedy may be available to him.

The court, for example, did not consider whether Zareck's allegations may have merit under the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb-1. *See id.* It is true that Zareck's pro se and fee-paid Complaint does not cite RFRA. By dismissing this type of complaint prior to service and without the benefit of the adversarial process, however, the district court tasked itself with showing "the rarest of circumstances where . . . the complaint is deemed totally implausible." *Apple*, 183 F.3d at 480.

## A.     RFRA

RFRA prohibits the federal government, including any instrumentality, official, or "person acting under color of law," from "substantially burden[ing] a person's exercise of religion," unless the government actor demonstrates that the substantial burden "1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000bb-1(a)–(b); *id.* § 2000bb-2(a). A defendant substantially burdens a person's exercise of religion by forcing the person to choose between engaging in conduct that violates sincerely held religious beliefs and facing serious consequence. *New Doe Child #1 v. Cong. of United States*, 891 F.3d 578, 589 (6th Cir. 2018).

Here, Zareck has alleged a sincerely held religious belief—as a Muslim, he must refrain from eating pork as part of the practice of his faith.  The allegations that Defendants fed him pork products portrayed as turkey also likely show that Zareck's religious exercise was substantially burdened because serving "a small number of noncompliant meals—even a single violation—can be a substantial burden." *Brandon v. Kinter*, 938 F.3d 21, 35 (2d Cir. 2019); *see also Haight v. Thompson*, 763 F.3d 554, 564–65 (6th Cir. 2014) (ruling that state prison officials' decision to deny prisoners' request for Native American foods for their annual powwow imposed a substantial burden on their religious practices under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C.A. § 2000cc–1(a)).

A person whose religious exercise has been burdened may assert a claim to "obtain appropriate relief." *Id.* § 2000bb-1(c).  Because Zareck is no longer incarcerated at CCA, his claims for injunctive and declaratory relief are moot, leaving only his claims for damages. Whether "appropriate relief" includes damages when defendants are a private-prison facility or private-prison officials acting in their individual capacity, however, are open questions in this circuit.  And a broader articulation of the latter—whether RFRA allows individual-capacity damages suits for violations of the law's substantive protections of religious belief—is sufficiently complicated and at issue in the courts that the Supreme Court recently granted certiorari to consider it. *See FNU Tanzin v. Tanvir*, No. 19-71, 2019 WL 6222538, at *1 (U.S. Nov. 22, 2019).

To be sure, our case law specifies that RLUIPA, RFRA's cousin, does not permit plaintiffs to collect money damages from state prison officials sued in their individual capacities.  *Haight*, 763 F.3d at 559.  But it is not clear that our reasoning in *Haight v. Thompson* applies with equal force to RFRA claims brought against a private-prison facility or to individual-capacity RFRA claims brought against officials working for a private corporation that has contracted with the

federal government to provide prison food services. The complexity of these issues, likely to be addressed in *Tanzin*, grows out of the Supreme Court's earlier sovereign immunity case, *Sossamon v. Texas*, 563 U.S. 277 (2011). At present, the only courts of appeals to consider whether RFRA allows individual-capacity suits for money damages have determined that it does. *See Tanvir v. Tanzin*, 894 F.3d 449, 463 (2d Cir. 2018) (finding that the phrase "appropriate relief" includes money damages in the context of individual-capacity suits against government officials based on the *Franklin* presumption) (*cert. granted*, *Tanzin*, 2019 WL 6222538); *Mack v. Warden Loretto FCI*, 839 F.3d 286, 301 (3d Cir. 2016) (interpreting RFRA as providing for monetary relief from persons who violate the statute in their individual capacity under color of law).[1]

Because we have yet to analyze whether damages may constitute "appropriate relief" under RFRA, and the facts alleged in Zareck's Complaint likely plead violations of RFRA's substantive protections, Zareck should have the opportunity to amend his Complaint to add this claim, if he so chooses.

### B. *Bivens*

Relying on *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 63 (2001), the district court decided that a *Bivens* action cannot be brought against a private corporation that has contracted with the Federal Bureau of Prisons under any circumstances. On this basis, it dismissed Zareck's claims against CCA, a private prison facility. *Malesko*, however, does not render Zareck's claims against CCA or its individual employees so totally implausible as to defeat subject matter jurisdiction. Even though *Malesko* refused to expand *Bivens* by allowing a suit against a

---

[1] Some other circuits have not encountered an appropriate occasion to answer the question. *See Hale v. Fed. Bureau of Prisons*, 759 F. App'x 741, 744 n.4 (10th Cir. 2019) (declining to consider "whether RFRA damages claims are available against individual defendants); *Fazaga v. Fed. Bureau of Investigation*, 916 F.3d 1202, 1246 n.42 (9th Cir. 2019) ("Because we affirm dismissal on another ground, we do not reach" whether RFRA permits "damages suits against individual-capacity defendants.")

private corporation that does not prevent Zareck, at this preliminary stage of litigation, from pursuing a claim that a federal court may at least consider after briefing from the respective parties.

The district court further supported its dismissal of the individual Defendants by reference to *Minneci v. Pollard*, 565 U.S. 118, 131. The *Minneci* Court held that no *Bivens* remedy exists for a federal prisoner seeking "damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law," such as "conduct involving improper medical care." 565 U.S. at 131. Where such a remedy is available, the plaintiff "must" instead "seek a remedy under state tort law." *Id.* The Court left to another day whether to imply a *Bivens* action in a case involving private-prison officials engaged in different types of constitutional violations, including even a different type of Eighth Amendment violation. *Id.* at 130.

The district court here did not consider whether Zareck's claims against the individual Defendants relate to conduct "of a kind that typically falls within the scope of traditional state tort law," *id.* at 131, or whether there was any "'alternative, existing process' capable of protecting the constitutional interests at stake," *id.* at 125 (quoting *Wilkie v. Robbins,* 551 U.S. 537, 550 (2007)).

Because neither *Malesko* nor *Minneci* stand for the proposition that Zareck's allegations are so "totally implausible" that they strip the district court of subject-matter jurisdiction under Rule 12(h)(3), dismissal was improper. The district court is correct that the Supreme Court has been reluctant to extend the *Bivens* remedy. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017). And it is true that any potential *Bivens* claim is likely "fraught with other troubles." *Marie v. Am. Red Cross*, 771 F.3d 344, 365 (6th Cir. 2014). But these obstacles do not automatically render Zareck's claims "devoid of merit" or "no longer open to discussion." *Apple*, 183 F.3d at 479. As a result,

*sua sponte* dismissal of Zareck's fee-paid Complaint at this stage—prior to service and without giving Zareck an opportunity to amend—was inappropriate.

### III.    CONCLUSION

For the foregoing reasons, we **REVERSE** and **REMAND** so that Zareck may amend his Complaint and serve the Defendants.