**David C. DILWORTH, Plaintiff–Appellant,**

v.

**DALLAS COUNTY COMMUNITY COLLEGE DISTRICT; Randy Conine; Georgia Francis, Defendants–Appellees.**

No. 95–10938
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 1, 1996.

David C. Dilworth, Dallas, TX, pro se.

Dennis L. Roossien, Jr., Michael R. Buchanan, Gregory L. Allen, Strasburger & Price, Dallas, TX, for defendants-appellees.

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Appellant, a student at Dallas County Community College, challenges the dismissal of his civil rights complaint against college officials and his instructor for wrongfully giving him a "B" instead of an "A." We affirm the district court's dismissal of this suit and conclude that Dilworth failed to state a claim within the jurisdiction of the federal court.

### I.

Plaintiff, David C. Dilworth, was enrolled in the Dallas County Community College during the fall semester of 1992. He was assigned to an 8:00 a.m. English class taught by Randy Conine. In response to a tardiness problem, Mr. Conine announced that

roll would be randomly taken and that anyone not present at the beginning of the class when roll was taken would be counted absent. Dilworth was counted absent for six classes. Under departmental policy six absences for a one and one-half hour class subjects the student to a failing grade. Plaintiff's instructor, Mr. Conine, elected to lower Dilworth's letter grade from an "A" to a "B."

Dilworth challenged the grade and Mr. Francis, the Dean of the English Department, supported Conine's position and his reasons for imposing the grade. A year later, Dilworth appealed the grade to the Vice–President of Instruction. Conine then decided to change Dilworth's grade to an "A" in the interest of compromise and to resolve the on-going dispute. Dilworth, however, filed suit seeking damages for the defendants' violations of his due process, equal protection, and liberty and property rights. The defendants filed a motion for summary judgment, and the district court granted the motion on grounds that Dilworth had failed to present evidence of a constitutional violation. This appeal followed.

## II.

We do not reach the merits of the appeal. When a plaintiff's complaint is facially frivolous and insubstantial, it is insufficient to invoke the jurisdiction of a federal court. *See e.g., Olivares v. Martin,* 555 F.2d 1192, 1195 (5th Cir.1977); *Raymon v. Alvord Independent School District,* 639 F.2d 257, 257 (5th Cir.1981).

The only deprivation Dilworth alleges is that, for approximately twelve months, his "A" in English was reduced to a "B." He claims that this action by the defendants "denied [him] the opportunity to compete for academic scholarships ..." He does not allege that he applied for scholarships and was refused because of the grade reduction; he does not allege that he applied for scholarships at all. Thus, any injury sustained by Dilworth is purely speculative. His claim is frivolous and insubstantial; it is not sufficient to invoke federal question jurisdiction. *See Raymon,* 639 F.2d at 257.

In *Raymon,* a high school penalized a student for an unexcused absence by deducting points from her algebra grade. Judge Rubin eloquently explained why the court lacked jurisdiction to entertain the case:

> Federal courts are proper forums for the resolution of serious and substantial federal claims. They are frequently the last, and sometimes the only, resort for those who are oppressed by the denial of the rights given them by the Constitution and laws of the United States. Fulfilling this mission and the other jurisdiction conferred by acts of Congress has imposed on the federal courts a work load that taxes their capacity. Each litigant who improperly seeks federal judicial relief for a petty claim forces other litigants with more serious claims to await a day in court. When litigants improperly invoke the aid of a federal court to redress what is patently a trifling claim, the district court should not attempt to ascertain who was right or who was wrong in provoking the quarrel but should dispatch the matter quickly.

639 F.2d at 257. Judge Rubin's words apply with equal force here.

Because the district court lacked jurisdiction over this suit, we affirm its order of dismissal.

AFFIRMED.