# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2025

Lyle W. Cayce
Clerk

No. 24-10411

_____

Richard Alexander Perales Trevino, Jr.,

*Plaintiff—Appellant*,

*versus*

NFN NLN,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CV-312

_____

Before Graves, Engelhardt, and Oldham, *Circuit Judges*.
Per Curiam:[*]

Representing himself, plaintiff Richard Alexander Perales Trevino, Jr. (hereinafter Trevino or Perales), who is subject to a civil commitment order, appeals the dismissal of his complaint and denial of a competency hearing for lack of jurisdiction. For the following reasons, we AFFIRM.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10411

I

In 1997, Trevino was indicted in the United States District Court for the Western District of Texas for unlawful possession of a destructive device and conspiracy to commit money laundering. Following a psychiatric evaluation, the court determined that Trevino was "incompetent and . . . not likely to regain competency in the foreseeable future."

The Government filed a petition for civil commitment in the United States District Court for the Western District of Missouri, where psychiatric testing was conducted. The district court granted the petition, which was affirmed on appeal. *See United States v. Perales*, 230 F.3d 1364 (8th Cir. 2000). Six years later, Trevino was conditionally released to a facility outside of the Bureau of Prisons but was returned to confinement on January 30, 2008, following the Government's motion for revocation of conditional release. At some point, Trevino was transferred to the Federal Medical Center (FMC) in Rochester, Minnesota, where he is presently confined.

From FMC-Rochester, Trevino sent a letter to the court in the Northern District of Texas's Dallas Division,[1] which was liberally construed to be a complaint. The meandering letter asserted "implausible, fantastical,

---

[1] Although not addressed by the district court in this case, it appears venue is improper. *See* 28 U.S.C. § 1391(b). Trevino does not presently reside in the Northern District of Texas, none of the events at issue occurred within that district, and Trevino did not identify anyone who might be "subject to the court's personal jurisdiction with respect to such action." *Id.* Two different magistrate judges have already notified Trevino that the Northern District of Texas lacks any connection to the concerns he raises, and venue is therefore improper. *Perales v. Unknown*, No. 3:23-CV-1948-S-BK, 2023 WL 9500484, at *2 (N.D. Tex. Sept. 29, 2023), *rec. adopted sub nom. Trevino v. Unknown*, No. 3:23-CV-1948-S-BK, 2024 WL 384931 (N.D. Tex. Jan. 31, 2024); *Perales v. Hedrick*, No. 3:01-CV-2626-R, 2002 WL 459788, at *2 (N.D. Tex. Mar. 6, 2002) (There is no "indication that venue would be proper in the Northern District of Texas regarding any of the Defendants residing in Texas."). Nevertheless, because the district court did not address venue below, and venue is not jurisdictional, this issue does not control the outcome on appeal.

No. 24-10411

and disjointed allegations," from which the magistrate judge discerned no dispute. To demonstrate the nature of the allegations, the magistrate judge offered a sampling of the allegations in her report and recommendation:

> [Trevino] alleges, for example, that the Dallas Cowboys lost a playoff game to the Green Bay Packers because he has not "gone back to Texas." He claims that "Jerry Springsteen" died because he witnessed a "Mrs. Williams" torturing [Plaintiff] for hours. He references x-rays from 1982 that a deceased federal judge had "on video tape," and argues that he is not malicious because these x-rays show that he has a broken lower back. He claims that doctors refused to "blow the whistle" and that the Catholic Church did not like him going outside the city of Austin. Finally, he says that he "wants a transfer out of here because Doctor Hart is a liar."

Trevino then filed a "Notice" with similarly rambling allegations and a "Motion for Discovery, Newly Found Evidence, and Restoration of Memory in Oklahoma City Bombing and other bombings."

Unable to ascertain any claims, much less defendants against whom those claims might be asserted, the magistrate judge recommended that the court *sua sponte* dismiss the complaint without prejudice for lack of subject matter jurisdiction. The same day, Trevino filed another "Notice" with more absurd allegations.

Just under two months later, Trevino filed an "Emergency [M]otion for [C]ompetency [H]earing and [R]elief." In this motion, he alleged with some clarity that he "suffers PTSD/bipolar disorder, ADHD, autism, dyslexia, [and] dysgraphia." As a result, he cannot "articulate and communicate with the court and seek relief owed." He contended that he is

incompetent and requested that the court appoint a lawyer and "grant an extension of time to reply to the magistrate[']s findings so the surrogate may respond, amend the complaint, and so on." He further requested a transfer to a mental institution close to his home because "civil commits are entitled to be held in mental institutions separated from convict[s]" in proximity to their place of domicile.

The district court adopted the magistrate judge's report and recommendation, agreeing that the court lacked subject matter jurisdiction over the action. The court denied the request for a competency hearing and appointment of a lawyer because "the Motion is riddled with fantastical ideas and arguments," and "as stated . . ., the court does not have jurisdiction over this action to grant the relief requested." The district court dismissed the action without prejudice. Trevino appeals.

## II

"We review a dismissal for lack of subject matter jurisdiction de novo." *McRaney v. N. Am. Mission Bd. of the S. Baptist Convention, Inc.*, 966 F.3d 346, 348 (5th Cir. 2020). "When a plaintiff's complaint is facially frivolous and insubstantial, it is insufficient to invoke the jurisdiction of a federal court." *Dilworth v. Dallas Cnty. Cmty. Coll. Dist.*, 81 F.3d 616, 617 (5th Cir. 1996); *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 344 (5th Cir. 1977). Setting aside the plausibility of the allegations themselves, we—like the district court—cannot discern from the original complaint a claim or a defendant over which we could exercise jurisdiction. Dismissal was appropriate.

Trevino's subsequent filing and motion do not alter this conclusion. Trevino's litigation history demonstrates the court did not err in denying a competency hearing, and we decline to reach the merits of a claim improperly raised.

No. 24-10411

III

Embedded in Trevino's motion is a request to transfer facilities. But this request faces a procedural hurdle before reaching the merits. Trevino did not file any objections to the report and recommendation. And even if we liberally construe his motion as an objection, we do not consider arguments "not raised before a magistrate judge, even if they are subsequently raised before the reviewing court in objections to the magistrate judge's report and recommendation." *Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 369 (5th Cir. 2024); *see also Stanley v. Morgan*, 120 F.4th 467, 470 n.2 (5th Cir. 2024). Although we "apply less stringent standards to parties proceeding pro se than to parties represented by counsel," pro se parties still must abide by procedural rules. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). We decline to consider the merits of a claim not properly presented to the district court and that may have been litigated in other matters.[2]

For the reasons explained, we AFFIRM the district court's dismissal *without prejudice* of Trevino's complaint.

---

[2] It appears Trevino already litigated the suitability of his placement (albeit for somewhat different reasons) before the district court as recently as last year. *See Perales v. Unknown*, No. 3:23-CV-1948-S-BK, 2023 WL 9500484, at *2 (N.D. Tex. Sept. 29, 2023) ("Next, Perales seeks to be transferred to FMC Fort Worth or a state hospital because allegedly he is not properly medicated at FMC Rochester. . . . There is . . . no constitutional right to be housed in a particular facility."), *rec. adopted sub nom. Trevino v. Unknown*, No. 3:23-CV-1948-S-BK, 2024 WL 384931 (N.D. Tex. Jan. 31, 2024).