**Paul DANFORTH, Plaintiff–Appellant,**

v.

**James P. CELEBREZZE, et al., Defendants–Appellees.**

No. 03–3413.

United States Court of Appeals, Sixth Circuit.

Sept. 4, 2003.

Paul Danforth, Wickliffe, OH, pro se.

Charles E. Hannan, Jr., Cleveland, OH, for Defendants–Appellees.

Before SUHRHEINRICH, COLE, and ROGERS, Circuit Judges.

### *ORDER*

Paul Danforth appeals a district court judgment that dismissed his civil rights

---

complaint filed under 42 U.S.C. § 1983 for lack of jurisdiction. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Danforth filed his complaint in the district court alleging that he was denied due process in state domestic relations litigation that began in 1983 and culminated in his incarceration for 30 days following a contempt hearing held before defendant Cuyahoga County Common Pleas Judge Celebrezze on January 3, 2002. *See Danforth v. Danforth,* No. 78010, 2001 WL 328556 (Ohio Ct.App. Apr. 5, 2001). Danforth named as defendants Judge Celebrezze, a court administrative assistant, a court magistrate, the Cuyahoga County Prosecutor, and three assistant county prosecutors. Danforth sought only unspecified equitable relief. The district court dismissed the complaint sua sponte for lack of subject matter jurisdiction, and Danforth filed a timely notice of appeal.

On appeal, Danforth contends that the district court erred in: (1) concluding that it lacked jurisdiction pursuant to the *Rooker–Feldman* doctrine; (2) concluding that plaintiff's claims are barred under the applicable statute of limitations; (3) concluding that his complaint otherwise is without merit; (4) concluding that the defendant judge and prosecutors are entitled to absolute immunity; and (5) dismissing his complaint pursuant to 28 U.S.C. § 1915(e) after he paid the filing fee. Defendants respond that Danforth's claims on appeal lack merit. Upon de novo review, *see Duncan v. Rolm Mil–Spec Computers,* 917 F.2d 261, 263 (6th Cir.1990); *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir.1990), we affirm the judgment essentially for the reasons stated by the district court in its memorandum of opinion and order filed February 19, 2003.

A district court ordinarily may not sua sponte dismiss a complaint where the filing fee has been paid without giving plaintiff an opportunity to amend the complaint." *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir.1999). However, the district court need not afford the plaintiff an opportunity to amend where a complaint is frivolous, especially where the district court has determined that it lacks subject matter jurisdiction. *Id.* (citing *Hagans v. Lavine,* 415 U.S. 528, 536–37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974)). Here, the district court correctly concluded that it lacked subject matter jurisdiction over plaintiff's complaint and properly dismissed the complaint sua sponte.

Generally, federal courts have no jurisdiction over domestic relations matters. *See Ankenbrandt v. Richards,* 504 U.S. 689, 703, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992); *Catz v. Chalker,* 142 F.3d 279, 290 (6th Cir.1998). Rather, state courts have exclusive jurisdiction over these matters. *See Ankenbrandt* at 703–04; *Kelm v. Hyatt,* 44 F.3d 415, 420 (6th Cir.1995). Although this domestic relations exception to federal jurisdiction does not apply to a civil action that merely has domestic relations overtones, *see Drewes v. Ilnicki,* 863 F.2d 469, 471 (6th Cir.1988), federal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues. *Id.* Additionally, federal courts lack jurisdiction to review a case litigated and decided in state court because only the United States Supreme Court has jurisdiction to correct state court judgment. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482 & n. 16, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

Here, the district court correctly declined to address plaintiff's claims. Plaintiff's contentions that he somehow

was denied his federal constitutional rights in state court litigation are conclusory. Rather, a fair reading of the plaintiff's complaint and his brief on appeal reveals that the instant case essentially is a pretense to obtain federal review of domestic relations matters. As such, plaintiff's complaint constitutes an impermissible attack on state court proceedings. Under these circumstances, the district court correctly concluded that it lacked jurisdiction to review plaintiff's claims.

■ Plaintiff's remaining claims on appeal need be addressed only briefly. First, the district court correctly concluded that the bulk of plaintiff's claims plainly fall outside the applicable two-year statute of limitations. *See LRL Props. v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1105 (6th Cir.1995). Plaintiff's attempt to characterize the long history of the underlying domestic relations litigation as a "continuing violation" is unavailing. *See id.* at 1106–07. While plaintiff correctly notes that defendants' entitlement to absolute immunity does not bar claims for equitable relief, *see Collyer v. Darling*, 98 F.3d 211, 222 (6th Cir.1996), any claim against these defendants not barred by the statute of limitations was sufficiently attenuated to warrant sua sponte dismissal in any event. *See Apple*, 183 F.3d at 479. Finally, although the district court cited 28 U.S.C. § 1915(e) in its separate judgment entered pursuant to Fed.R.Civ.P. 58, the citation appears to be a clerical error and conflicts with the rationale set out in the court's memorandum of opinion and order. In any event, the error is harmless under the circumstances of this case.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.