RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 26a0096p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

RENEE MARIE JOHNSON,

        *Plaintiff-Appellant*,

    *v.*

HON. MATTHEW ANTKOVIAK, Chief Circuit Court
Judge, et al.,

        *Defendants-Appellees*.

No. 25-1527

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 1:25-cv-00393—Paul Lewis Maloney, District Judge.

Decided and Filed:  March 30, 2026

Before:  BATCHELDER, STRANCH, and BLOOMEKATZ, Circuit Judges.

_____

**LITIGANT**

_____

**ON BRIEF:**  Renee Johnson, Wayland, Michigan, pro se.

_____

**ORDER**

_____

PER CURIAM.  Renee Marie Johnson, proceeding pro se, appeals the district court's order dismissing her 42 U.S.C. § 1983 civil-rights complaint for lack of subject-matter jurisdiction.  She also moves to supplement the record and for us to take judicial notice of certain facts.  This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed.  *See* Fed. R. App. P. 34(a).  For the following reasons,

we vacate the district court's judgment, remand for further proceedings, and deny as moot the motion to supplement and take judicial notice.

This case arises from a Michigan state-court custody order that removed Johnson's daughter from her custody and restricted her to supervised visitation. In her § 1983 action, Johnson sued state Judge Matthew Antkoviak; her child's late father, Dwight VanDrunen; her sister-in-law, Heather Sartor; her brother, Matthew Johnson; the Allegan County Department of Health and Human Services (DHS); and two DHS employees, Mike Bracey and Sheila Ellis. Johnson asserted four claims: (1) defendants violated her due process rights by wrongfully denying her custody of her child, (2) Sartor maliciously prosecuted her by filing a false police report to "interfere[e] with [her] parental rights," (3) Sartor abused the legal process by filing for a protective order based on false allegations, and (4) Sartor, VanDrunen, and Matthew Johnson conspired to deprive her of her parental rights. Only Johnson's first claim arises under federal law; claims two through four are premised on Michigan laws. *See* Mich. Comp. Laws §§ 600.2907 (malicious prosecution), 750.157a (civil conspiracy), 750.369 (abuse of legal process). Johnson sought restoration of full custody of her child; a declaration that defendants violated her constitutional rights, that the state proceedings violated due process, and that Sartor violated her parental rights; an order for an investigation into witness perjury; and monetary damages.

The district court granted Johnson leave to proceed in forma pauperis and, upon screening pursuant to 28 U.S.C. § 1915(e)(2), dismissed the complaint for lack of subject-matter jurisdiction under the domestic-relations exception. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). In this appeal, Johnson argues that the domestic-relations exception did not bar the district court from exercising jurisdiction and that the district court erroneously dismissed her complaint without notice.

"We review de novo a district court's dismissal of a complaint for lack of subject-matter jurisdiction." *Chevalier v. Est. of Barnhart*, 803 F.3d 789, 794 (6th Cir. 2015). Federal courts have limited jurisdiction, and district courts may hear only those claims that fall within their "statutory grant of jurisdiction." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019) (quoting *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982)).

District courts have jurisdiction over claims presenting a federal question—that is, claims that arise under federal law. 28 U.S.C. § 1331. And although a district court has a general duty to hear cases over which it has jurisdiction, it may not exercise that jurisdiction in certain "extraordinary and narrow exception[s]." *Allegheny County v. Frank Mashuda Co.*, 360 U.S. 185, 188 (1959).

One such exception is the "domestic-relations" exception, which "precludes federal courts from hearing cases that 'involv[e] the issuance of a divorce, alimony, or child custody decree.'" *Alexander v. Rosen*, 804 F.3d 1203, 1205 (6th Cir. 2015) (alteration in original) (quoting *Ankenbrandt*, 504 U.S. at 704). This exception applies only when "a plaintiff positively sues in federal court for divorce, alimony, or child custody, or seeks to modify or interpret an existing divorce, alimony, or child-custody decree." *Id.* (quoting *Chevalier*, 803 F.3d at 797). It does not apply when a "plaintiff asserts federal claims seeking to vindicate federal statutory or constitutional rights in the context of a domestic-relations dispute, . . . even if the relief sought includes nullification of a domestic-relations decree." *Edelstein v. Flottman*, No. 24-3156, 2025 WL 609487, at *2 (6th Cir. Jan. 10, 2025); *see also Catz v. Chalker*, 142 F.3d 279, 291 (6th Cir. 1998) (explaining that because an "unconstitutionally obtained" judgment is a nullity, a district court's "decree so stating would change nothing at all"), *overruled on other grounds by Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), *as recognized in*, *Coles v. Granville*, 448 F.3d 853, 859 n.1 (6th Cir. 2006). But a plaintiff may not avoid dismissal by positing a federal claim as "a mere pretense [when] the suit is actually concerned with domestic relations issues." *Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2003); *see also Catz*, 142 F.3d at 291–92 (recognizing that the domestic-relations exception prohibits a district court from exercising jurisdiction over a case asking it to determine what custody arrangement "would be in the best interest of a child").

This court has not yet determined whether the domestic-relations exception applies in federal-question cases, like this one, or whether it is limited to cases based on diversity jurisdiction. *Alexander*, 804 F.3d at 1205. But we need not decide that issue today.

As to her federal claim, Johnson argued that the state court ordered her child removed from her custody without notice, without a "finding of parental unfitness" or a hearing, and

without other "adequate procedural protections," thus violating of her due process rights under the Fourteenth Amendment.  On its face, this is a constitutional claim not subject to the domestic-relations exception to jurisdiction.  *See Edelstein*, 2025 WL 609487, at *2.  And although Johnson asked the district court to issue an order "requiring restoration of [her] full custody rights rather than limited visitation,"a remedy that would presumably require findings as to Johnson's parental fitness and the best interest of her child, Johnson's federal claim is not obviously "a mere pretense" rather than a legitimate constitutional claim.  We thus conclude that dismissal of the complaint at the screening stage, on the basis of the domestic-relations exception, was premature.

Therefore, we **VACATE** the district court's judgment dismissing the case for lack of jurisdiction, **REMAND** for further proceedings consistent with this order, and **DENY** as moot the motion to supplement and take judicial notice.

ENTERED BY ORDER OF THE COURT

_____

Kelly L. Stephens, Clerk